UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ASHLAND, INC., <br><br> Plaintiff, <br><br> v. <br><br> LEO H LONG, JR., and THOMAS C. LONG, <br><br> Defendants. | CASE NO. C10-5889 BHS <br><br> ORDER DENYING DEFENDANTS' MOTIONS FOR ATTORNEY FEES |

This matter comes before the Court on Defendants Thomas C. Long and Leo H. Long, Jr.'s ("Defendants") motions for attorney fees (Dkts. 87 & 89). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby denies the motions for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On December 7, 2010, Plaintiff Ashland, Inc. ("Ashland") filed a complaint against Defendants for breach of contract. Dkt. 1. The contract in question was a Purchase and Sale Agreement ("PSA"), which in part provides as follows:

ORDER - 1

> 15.1 Rights and Liabilities in Case of Breach or Termination. Except as otherwise provided herein, if any party shall commit a material breach of this Agreement, then the non-breaching party shall be entitled to terminate this Agreement and to exercise all rights available under applicable law, including the right of specific performance when available under applicable law. In addition to any other liabilities, the party committing such breach shall be liable to the other party with respect to all expenses incurred by such other party in connection with this Agreement. . . .
>
> \*\*\*
>
> 15.6 Expenses. Except as provided in Section 15.1 of this Agreement, each party to this Agreement shall bear its own counsel's fees and expenses and other expenses incurred by such party in connection with this transaction.

*Id.*, Exh. A.

On June 1, 2012, the Court ruled that Ashland had failed to show by a preponderance of the evidence that there was a breach of contract. *See* Dkt. 86.

On June 22, 2012, Defendants filed separate motions for attorney fees. Dkts. 87 & 89. On July 16, 2012, Ashland responded. Dkt. 94. On July 31, 2012, Defendants filed a joint reply. Dkt. 97.

## II. DISCUSSION

"It is well settled in Washington that absent a contractual provision, statutory provision, or a well recognized principle of equity to the contrary, a court has no authority to award attorneys fees to the prevailing party." *Herzog Aluminum v. General Am. Window Corp.*, 39 Wn. App. 188, 194 (1984).

> In any action on a contract or lease entered into after September 21, 1977, where such contract or lease specifically provides that attorneys' fees and costs, which are incurred to enforce the provisions of such contract or lease, shall be awarded to one of the parties, the prevailing party, whether he or she is the party specified in the contract or lease or not, shall be entitled to reasonable attorneys' fees in addition to costs and necessary disbursements.

RCW 4.84.330.

In this case, the PSA does not specifically provide that attorney fees and costs shall be awarded to the prevailing party in any action to enforce the PSA. Section 15.1 specifically states that the breaching party shall be liable for "expenses" and not "attorney fees." Section 15.6 does not redefine the term "expenses" to include "counsel's fees." Therefore, the Court denies Defendants' motions for attorney fees.

### III. ORDER

Therefore, it is hereby **ORDERED** that Defendants' motions for attorney fees (Dkts. 87 & 89) are **DENIED.**

Dated this 23rd day of August, 2012.

BENJAMIN H. SETTLE
United States District Judge